IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BO YI,** | : | **Civil No. 1:17-cv-0083** |
| Plaintiff, | : | |
| v. | : | |
| **KEVIN L. SNYDER, Chief of Police, North Londonderry Township,** | : | |
| | : | **Judge Sylvia H. Rambo** |
| Defendant. | : | |

# **M E M O R A N D U M**

Before the court is a complaint filed by Plaintiff Bo Yi ("Yi") against Kevin L. Snyder, Chief of Police, North Londonderry Township, Lebanon County, Pennsylvania. (Doc. 1.) In the complaint, Yi does not specify what federal statute or constitutional law he alleges has been violated. He only alleges that his civil rights were violated because the defendant, Kevin Snyder ("Chief Snyder"), "demonstrated hatred and racism towards" him. (Doc. 1, ¶ 40.) Based on this allegation, the clerk of court labeled this complaint as being filed pursuant to 42 U.S.C. § 1983.

Bo Yi is apparently an owner of property in Annville, Pennsylvania. (*See* Docket sheet, p. 1.) According to the complaint, on June 10, 2016, a work crew from Keystone Home Builders appeared at Yi's residence to remove some trees. An argument ensued and police were called. No action was taken to remove the trees that day. Later that day, Yi went to the police station for the purpose of filing

a complaint. (Doc. 1, ¶ 14.) The next day, Defendant Snyder contacted Yi to discuss what had happened. (*Id.* at ¶ 16.) On June 14, 2016, Keystone's crew returned to remove the trees, but Yi prevented the backhoe from entering his property by lying on the ground. (*Id.* at ¶ 20.) The police arrived and Chief Snyder engaged the parties in an effort to resolve the issue. At some point, Chief Snyder advised the tree crew to have Keystone go to court and obtain the necessary documents to enforce removal of the trees.

According to the complaint, Chief Snyder made the following statements to the parties:

1) He told Yi "not to do anything stupid" (*Id.* at ¶¶ 17, 22);

2) He advised Yi to "just let them remove the trees" (*Id.* at ¶ 26);

3) He asked Yi, "did you bring this from Cambodia?" (referring to a machete in Yi's possession) (*Id.* at ¶ 28);

4) He told the crew to "[g]o to court and file emergency [papers]" and "once you have the court papers, just come and remove it, if he still blocks you, call right away" (*Id.* at ¶¶ 33-34);

5) He told Yi, "Tomorrow, I'll have the papers from court," and "if you still won't let them remove it, you will be arrested for contempt of court." (*Id.* at ¶¶ 35-36).

Yi alleges that Chief Snyder was "taking sides" and "demonstrating hatred and racism" toward him. (*Id.* at ¶ 40.) However, throughout the complaint, Yi cites various times that Chief Snyder referred to him as a "good person." (*Id.* at ¶¶ 17, 18, 26.) These words conflict with Yi's allegations that Chief Snyder was prejudiced toward him. Furthermore, none of the statements attributed to Chief Snyder amounted to racial or ethnic animus toward Yi.

Accordingly, Yi has failed to state a cause of action amounting to ethnic or racial discrimination, and the court will dismiss this action pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of jurisdiction.

Dismissal will be without leave to amend the complaint. In *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004), the court held that "dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice or futility." Here, the grounds in the complaint are unsubstantial, attenuated, and obviously frivolous. An amendment will be futile.

An appropriate order will issue.

    s/Sylvia H. Rambo
    SYLVIA H. RAMBO
    United States District Judge

Dated: January 20, 2017